UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JOHN MARK TROHA           *     CIVIL ACTION NO.  15-2706

VERSUS                    *     JUDGE ROBERT G. JAMES

UNITED STATES DEPARTMENT OF     *     MAG. JUDGE KAREN L. HAYES
AGRICULTURE, ET AL.

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6) [doc. # 5], filed by respondent United States of America on behalf of defendants.  The motion is unopposed.  Construing the motion as a motion to dismiss for lack of subject matter jurisdiction, it is recommended that the motion [doc. # 5] be GRANTED, and that plaintiff's claims be DISMISSED, without prejudice.

Background

John Mark Troha  filed the instant complaint against James Archibald and his employer, the United States Department of Agriculture, Agricultural Marketing Service, Cotton and Tobacco Program (hereinafter, "USDA"), to recover property-related damages sustained by Troha's 2009 Ford F-150 following an October 28, 2014, traffic accident precipitated by Archibald, who was acting within the course and scope of his employment with the USDA.  *See* Petition.  Troha commenced the action on October 28, 2015, in the 5th Judicial District Court for the Parish of Franklin, State of Louisiana.  *Id.*

On November 18, 2015, the United States, appearing on behalf of defendants, removed

the case to federal court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*  On March 11, 2016, the United States filed the instant motion to dismiss plaintiffs' claims in their entirety for failure to state a claim upon which relief can be granted. The motion asserts that the FTCA provides plaintiff's exclusive remedy for tort claims arising out of the actions of the federal government and its employees, and thus, under the Act, the sole proper party defendant is the United States -- not the responsible agency or employee. Furthermore, even if plaintiff were to substitute the United States as defendant in lieu of Archibald and the USDA, plaintiff's claims remain subject to dismissal for failure to exhaust administrative remedies prior to filing suit.

Plaintiff did not file a response to the motion, and the time to do so has lapsed.  (Notice of Motion Setting [doc. # 6]).  Accordingly, the motion is deemed unopposed.  *Id.*

## Standard of Review

Although the United States nominally filed its motion under Rule 12(b)(6), it is manifest that the arguments raised by the motion impact the court's subject matter jurisdiction.[1]  The court will analyze the motion accordingly.[2]

A case is properly dismissed for lack of subject matter jurisdiction when the court does not enjoy the statutory or constitutional power to adjudicate the matter.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v.*

---

[1]  The Supreme Court's decision in *United States v. Kwai Fun Wong,* ___ U.S. ___, 135 S.Ct. 1625 (2015), notwithstanding, 28 U.S.C. § 2675(a)'s exhaustion requirement remains jurisdictional.  *Barber v. United States*, 2016 WL 1253819 at *2 n.2 (5th Cir. Mar. 30, 2016).

[2]  Albeit, the court would reach the same result under Rule 12(b)(6) (or Rule 56, if evidence outside the pleadings is considered).

2

*Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  Furthermore, "[l]ack of subject matter jurisdiction may be found in any one of three instances:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Id*.  Thus, in resolving a challenge to subject matter jurisdiction, the court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."  *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir.2014) (citation and internal quotation marks omitted).

## Analysis

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived.  *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976).  Thus, in the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts.  *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).

Under the FTCA, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . ." for certain torts of federal employees acting within the scope of their employment.  *See* 28 U.S.C. §§ 1346(b) & 2671.  Stated differently, the FTCA establishes the exclusive remedy for tort claims arising out of the actions of the federal government and its employees.  28 U.S.C. § 2679.  The Act provides a limited waiver of sovereign immunity, and suits filed thereunder must be filed in exact compliance with its terms.  *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971).

It is beyond cavil that in an FTCA action, the proper party defendant is the United States

3

-- not the responsible agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Furthermore, "an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act. Therefore, an FTCA claim against *a federal agency or employee* as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (internal citations omitted) (emphasis added).

Here, plaintiff has not sought to substitute the United States for the federal agency and employee named in his complaint. Accordingly, the court lacks subject matter jurisdiction to entertain his claim; dismissal is required. Fed.R.Civ.P. 12(b)(1).[3]

## Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that the United States of America's Rule 12(b)(6) motion to

---

[3] Even if plaintiff *were* to substitute the United States as defendant in lieu of the existing parties, the case still would be subject to dismissal for failure to exhaust administrative remedies. Under the FTCA, claimants cannot file suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993). Administrative exhaustion requires the claimant to present the claim to the "appropriate federal agency," and have the claim finally denied by the agency. 28 U.S.C. § 2675(a). Alternatively, if "an agency" fails to finally dispose of the claim within six months after filing, the claimant has the option to deem the claim administratively denied. *Id.* Nonetheless, an action that is filed *before* the expiration of the six-month waiting period is premature, and cannot become timely by the passage of time after the complaint is filed. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 1983 (1993)).

The foregoing requirements are jurisdictional, and cannot be waived. *Price, supra*. Thus, failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. *See Cook v. United States on behalf of U.S. Dept. of Labor*, 978 F.2d 164 (5th Cir. 1993).

Here, it is uncontroverted that the USDA received but one administrative claim from John Mark Troha on May 26, 2015. (Decl. of Shawn McGruder; Def. Exh.). Moreover, the USDA did not issue a final denial of the claim before plaintiff initiated the instant suit. *Id.* In addition, plaintiff did not permit six months to lapse from the date that he filed the administrative claim and the date that he filed suit. Therefore, his suit is premature.

dismiss, construed as a motion to dismiss for lack of subject matter jurisdiction, be GRANTED [doc. # 5], and that plaintiff's complaint be DISMISSED, without prejudice, in its entirety. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 17th day of May 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE